IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIENE D. DAVIS, et al.,

    Plaintiffs,                      No. CIV S-05-1723 MCE GGH PS

    vs.

THE STATE OF CALIFORNIA, et al.,

    Defendants.                  <u>ORDER & FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiffs, proceeding in this action pro se, filed an ex parte request for a temporary restraining order on August 25, 2005, to enjoin defendants from refusing to "file the default application and judgment against Rob Feckner" and requesting that "defendants be restrained from violating plaintiffs' civil rights." Plaintiffs have named as defendants the State of California and the "Superior Court of California, County of Sacramento Clerk's Office." Plaintiffs did not provide defendants with notice as required by Fed. R. Civ. P. 65(b). The matter was referred to the undersigned by order of district judge Lawrence K. Karlton, as the assigned district judge, Morrison C. England, Jr., was unavailable.

        Plaintiffs filed a complaint with their ex parte request. Based on the complaint, it appears plaintiffs filed suit in the Superior Court of California, County of Sacramento against Rob Feckner ("Feckner") on October 22, 2002. Plaintiffs allege that Feckner failed to appear or

1

answer the complaint in a timely manner, and that they therefore filed an application for notice of default against Feckner. Plaintiffs allege that the clerk of courts refused to enter default as required by statute. Plaintiffs allege they were escorted from the clerk's office by several sheriffs' deputies after they confronted the clerk about the refusal to enter default. Plaintiffs allege they tried two more times to file for default against Feckner, and both times were refused. Plaintiffs allege that their treatment by the court and its personnel was discriminatory based on their race; plaintiffs are African-American. In essence, plaintiffs' request for a temporary restraining order is a request for the district court to compel the superior court to enter default judgment against Feckner.

        A federal district court does not have jurisdiction to review legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-12 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996); see also, Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983 claim seeking inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. See Feldman, 460 U.S. at 486, 103 S. Ct. at 1316-17. The Ninth Circuit clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision is barred by Rooker-Feldman because the federal court lacks subject matter jurisdiction. Id. at 1164.

        The relief plaintiffs request in their ex parte request for a temporary restraining order is nothing more than a request for this court to order the Superior Court to enter a default

1  judgment. This court has no jurisdiction to grant such relief, and must accordingly recommend
2  that plaintiffs' request for a temporary restraining order by denied.
3      As to the complaint, plaintiffs allege that defendants violated their civil rights by
4  refusing to enter default judgment in their case and escorting them from the clerk of court's
5  office.[1]
6      "The Eleventh Amendment bars suits against the State or its agencies for all types
7  of relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185 (9th
8  Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984)); see also
9  Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh
10 Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its
11 agencies). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.
12 See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147 (1979). Accordingly, as a
13 general rule, states (or arms of the state) cannot be sued in federal court for violating § 1983. A
14 California Superior Court and its employees are an arm of the state. Simmons v. Sacramento
15 County Superior Court, 318 F.3d 1156. 1161 (9th Cir. 2003). The Eleventh Amendment
16 likewise, in general, bars suits for damages against state officials in their official capacities,
17 because such a suit is in effect one against the state. Kentucky v. Graham, 473 U.S. 159, 105 S.
18 Ct. 3099 (1985).
19     Eleventh Amendment immunity also is consistent with the general rule that states
20 or governmental entities that are considered 'arms of the State' for Eleventh Amendment
21 purposes are not 'persons' under § 1983." Doe v. Lawrence Livermore National Laboratory, 131
22 F.3d 836, 839 (9th Cir. 1997) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.
23 Ct. 2304, 2311 (1989)).

---

[1] Plaintiffs allege causes of action under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2).

3

1 Notwithstanding Eleventh Amendment immunity, state officials nevertheless may
2 be sued for federal violations in their individual capacities for both damages and injunctive relief.
3 See Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365 (1991); Graham, 473 U.S. at 165-67,
4 105 S. Ct. at 3105-06; see also Ellis v. University of Kansas Medical Center, 163 F.3d 1186,
5 1196 (10th Cir.1998) ("[A] suit for prospective injunctive relief against a state official acting in
6 her official or individual capacity may still be brought in federal court . . ."); but see Idaho v.
7 Coeur d'Alene Tribe, 521 U.S. 261, 269, 117 S. Ct. 2028, 2034 (1997) ( to "interpret Young to
8 permit a federal court action to proceed in every case where prospective declaratory and
9 injunctive relief is sought against an officer, named in his individual capacity, would be to adhere
10 to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity
11 represents a real limitation on a federal court's federal-question jurisdiction.").  Moreover, in a
12 case based on an ongoing violation of federal constitutional or statutory rights, a plaintiff may
13 obtain prospective injunctive relief by naming a state official in his or her official capacity.  Ex
14 parte Young, 209 U.S. 123, 155-56, 28 S. Ct. 441, 452 (1908); Edelman v. Jordan, 415 U.S. 651,
15 665, 94 S. Ct. 1347, 1357 (1974).

16 The defendants named in the complaint are the State of California and The
17 Superior Court of California, Sacramento County, Clerk's Office.  These defendants are immune
18 from suit, as explained above.  Plaintiffs have not alleged any claims against the defendants that
19 comport with any Eleventh Amendment immunity exceptions.  Accordingly, plaintiffs'
20 complaint must be dismissed.

21 Accordingly, IT IS RECOMMENDED that plaintiffs' request for a temporary
22 restraining order, filed August 25, 2005, be DENIED; and,

23 IT IS ORDERED that plaintiffs' complaint be dismissed, with leave to file an
24 amended complaint within thirty days from the date of service of this order.  Failure to file an
25 amended complaint will result in a recommendation that the action be dismissed.
26 \\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3  (10) days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten (10) days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 9/8/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Davis1723.fr